UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Michael Palermo,<br><br>                                        Plaintiff,<br>            -v-<br><br>Efficient Staffing Solutions LLC, and<br>Westchester Center for Independent & Assisted Living,<br><br>                                        Defendants. | **Civ. Action #:**<br><br>**Complaint**<br><br>**Date Filed:**<br><br>**Jury Trial Demanded** |

Plaintiff Michael Palermo ("Plaintiff" or "Palermo"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of the Defendants Efficient Staffing Solutions LLC, and Westchester Center for Independent & Assisted Living (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges, that he was employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for each and all such hours over forty in a week; (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week, (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff alleges that he was employed by Defendants and that Defendants breached the

1

Contract under which Defendants agreed to pay Plaintiff compensatory time for all hours worked in excess of 35 in a week, for each week during his employment as well as benefits such as, accrued vacation and other time off. As a result, Plaintiff is entitled to recover the wages and damages they are owed as a result of such breach, plus prejudgment interest.

4. Plaintiff is also entitled to recover his unpaid overtime and non-overtime wages, wage deductions and benefits, under Article 6 of the New York Labor Law including Section 191, 193, 198 and maximum compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, including maximum liquidated damages on all wages paid later than weekly, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

8. Plaintiff Michael Palermo ("Plaintiff" or "Palermo") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

9. Upon information and belief, and at all times relevant herein, Efficient Staffing Solutions LLC ("ESS") was a New York for-profit Limited Liability Company with offices located at 147-51 72nd Avenue, Flushing, NY 11367.

10. Upon information and belief and at all times relevant herein, Westchester Center for Independent & Assisted Living ("Defendant" or "WCIAL"), was a business entity providing medical and assisted living services to the public.

11. At all times relevant herein, Plaintiff was hired by Defendants to work at Westchester Center for Independent & Assisted Living located at 78 Stratton Street South, Yonkers, New York 10701.

12. At all times relevant herein, Efficient Staffing Solutions LLC was the name listed on Plaintiff's weekly wage statements and w-2 tax forms.

13. Upon information and belief and at all times relevant herein, Defendants ESS and WCIAL, individually and/or jointly, controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

14. At all times relevant herein, Defendants individually and/or jointly employed Plaintiff.

**STATEMENT OF FACTS**

15. Upon information and belief, and at all relevant times herein, Defendants owned and/or operated a living facility providing care to seniors. See http://thewcenter.com/

16. At all times relevant herein, Defendants, individually and/or jointly employed several dozen employees.

17. Upon information and belief, and at all times relevant herein, Plaintiff was employed by Defendants from in or around March 2013 to on or about October 22, 2016.

18. At all times relevant herein, Plaintiff Palermo was employed by Defendants as a manual worker performing a variety of duties in the food service department such as cooking, food preparation, serving, cleaning, packing and unpacking groceries etc.

19. At all times relevant herein, Plaintiff was paid at a regular rate of $34.06 an hour and

Plaintiff was only paid for 35 hours worked in each week – Plaintiff did not receive any wages including overtime wages (hours over 40 in a week) for his hours worked in excess of 35 in each week during his employment with Defendant.

20. At all times relevant herein, Defendant entered into a wage agreement wherein Defendants agreed to pay Plaintiff Compensatory time at his straight hourly rate for hours worked in excess of 35 a week. However, Defendants failed to pay Plaintiff for hundreds of hours of compensatory time. Defendants also owe Plaintiff approximately over 4 weeks of paid time off such as accrued vacation time.

21. At all times relevant herein, Plaintiff worked approximately 56.5-60 hours each week and likely more - 5-7 days each week, but was not paid any wages, including overtime wages for hours worked in excess of 35 each week, for each week during his employment with Defendants.

22. Plaintiff's hours worked and wages paid will be refined after Defendants produce employment, time and wage records it was required to keep under the FLSA and NYLL.

23. Plaintiff incorporates herein, <u>accurate</u> records of his time, wages and employment that Defendants were required to keep pursuant to the FLSA and NYLL.

24. At all times relevant herein, Defendant paid Plaintiff on a bi-weekly basis in violation of NYLL 191 (1)(a)(i).

25. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1).

26. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL 195(3) – the wage statements provided to Plaintiff did not state all hours worked by Plaintiff nor all rates/wages including Plaintiff's overtime rate/wages, among other deficiencies.

27. Upon information and belief and at all times relevant herein, Defendants had annual revenues

and/or expenditures in excess of $500, 000. Plaintiff references and incorporates herein, accurate copies of records of Defendants' business volume and revenues as well as business operations and commerce that Defendants were required to keep and maintain under the FLSA including under 29 CFR 516.

28. Upon information and belief and at all times relevant herein, Defendants conducted business with companies outside the state of New York.

29. Upon information and belief, and at all times relevant herein, Defendants and Plaintiff conducted business with insurance companies outside the state of New York.

30. Upon information and belief and at all times relevant herein, Defendants equipment and supplies from vendors outside the state of New York.

31. At all times applicable herein, Defendants conducted business with vendors and other businesses outside the State of New York.

32. Defendants as a regular part of their business, make payment of taxes and other monies to agencies and entities outside the State of New York.

33. Defendants as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

34. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, the internet and telephone systems.

35. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of one and one half times his regular rate of pay for each and all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

36. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters.

37. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

38. "Plaintiff" as used in this complaint refers to the named Plaintiff.

39. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.

40. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 39 above as if set forth fully and at length herein.

41. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the FLSA – 29 USC § 201 et Seq.

42. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

43. At all times relevant herein, Defendants transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

44. At all times relevant herein, Defendants <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates not less than one and one-half times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

### Relief Demanded

45. Due to Defendants' FLSA overtime violations, Plaintiff is entitled to recover from

Defendants, his unpaid overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq. (Unpaid Overtime)

46. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 44 above as if set forth fully and at length herein.

47. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

48. At all times relevant herein, Defendants <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

## Relief Demanded

49. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
## BREACH OF CONTRACT

50. Plaintiff repeats and incorporates paragraphs 1 through 49 above as if set forth fully and at length herein.

51. At all times relevant herein, Defendants breached the employment and wage agreement they had with Plaintiff pursuant to which Defendants were required to pay Plaintiff compensatory

7

time for each and all hours worked in excess of 35 in a week, at his regular rate of pay, for each week during Plaintiff's employment with them, along with accrued vacation/time off and benefits. However, Defendants failed to pay Plaintiff for hundreds of hours of compensatory time. Defendants also owe Plaintiff approximately over 4 weeks of paid time off such as accrued vacation time.

52. Plaintiff fully performed his obligations under this employment and wage agreement.

### Relief Demanded

53. Due to Defendants' breach of the Contract, Plaintiff is entitled to and seek to recover from Defendants, his unpaid wages, including wages for his unpaid compensatory time, benefits and paid time off such as accrued vacation, plus interest thereon.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (NYLL § 190, 191, 193, 195 and 198)

54. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 53 above with the same force and effect as if fully set forth at length herein.

55. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198.

56. At all times relevant herein, Plaintiff was employed by Defendants as a manual worker within the meaning of NYLL 191 (1)(a)(i) who should have been paid no later than weekly.

57. Defendants violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff all his wages, including his unpaid non-overtime and overtime wages, (FLSA and NYMWA), and wage deductions, within the time required under NY Labor Law § 190 et seq.

58. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL § 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs

pursuant to NYLL § 198 including NYLL § 198(1-b), as well as an injunction directing Defendants to comply with NYLL § 195(1).

59. At all times relevant herein, Defendants failed and willfully failed to provide plaintiff with the statement(s) required by NYLL § 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-d), as well as an injunction directing Defendants to comply with NYLL § 195(1).

### Relief Demanded

60. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, his entire unpaid wages, including his unpaid non-overtime and overtime wages, (FLSA and NYMWA), wage deductions, unpaid compensatory time, accrued paid time off such as vacation time, unpaid benefits, maximum liquidated damages, including maximum liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

61. Declare Defendants (including its overtime and wage payment policy and practice), to be in violation of the rights of Plaintiff, under the FLSA and New York Labor Law – 12 NYCRR § 142, and Article 6 of the NYLL – NYLL § 190 et Seq.

62. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

63. As to the **Second Cause of Action**, award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and

9

attorney's fees pursuant to NYLL § 663;

64. As to the **Third Cause of Action**, award Plaintiff any and all outstanding wages, including his entire unpaid wages, including his unpaid non-overtime and overtime wages, (FLSA and NYMWA), wage deductions, unpaid compensatory time, accrued paid time off such as vacation time, unpaid benefits, maximum liquidated damages, including maximum liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

65. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

66. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York
February 5, 2017**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 -Fax: 718-740-2000
Email: abdul@abdulhassan.com